## SUPREME COURT.

### LEFTWICK and another agt. CLINTON and another.

Where the plaintiffs are *non-residents*, and there are two or more defendants, they cannot appear separately and each require a bond to *him* as security for *his* costs. The statute requires only one bond which should run to " the defendants," and is for the benefit of them all.

The penalty is to be *at least* two hundred and fifty dollars, and may be required in such *larger sum* as the court or judge may deem proper.

Whether where one defendant had appeared and procured a bond to be filed, another defendant who had not moved, could except to the surety or obtain a new bond in an enlarged penalty ? *Quere ?*

*Otsego adjourned Special Term, October* 19, 1863.

THE plaintiffs were non-residents. The defendants appeared separately and each obtained an order that plaintiffs file a bond to *him* as security for *his* costs in the penalty of $250, or show cause, &c.

BENJ. ESTES, *for plaintiffs*, claimed that only one bond could be required, and that it should run to " the defendants" and not to one of them.

J. A. LYNES, *for defendants*, contended that as the statute requires the plaintiffs to secure "the defendant," each defendant could require a bond. He argued that if one should succeed at the circuit or special term and the other should be defeated, but finally succeed on appeal, the defendant who succeeded at the circuit or special term might, if his costs were sufficiently large, before his co-defendant became entitled to costs, obtain judgment for and collect the whole penalty, leaving his co-defendant remediless, and mentioned other difficulties in case but one bond were required.

CAMPBELL, J. The language of the statute is, "such security shall be given in the form of a *bond* in the penalty of *at least two hundred and fifty dollars*, with one or more sufficient sureties to the defendant, conditioned to pay on

demand all costs that may be awarded to the defendant in such suit." The statute provides for but a *single* bond; that bond should run to the defendants if there are more than one, and should be for the benefit of all. But while the statute limits the security to a single bond, it does not prevent the court or judge from requiring a bond in a larger penalty than two hundred and fifty dollars. It must be "at least" in that amount. It is not necessary to decide whether a defendant who had not moved could afterwards except to the security, nor whether if a bond were once given on the application of one defendant the statutory remedy would be exhausted; nor whether the other defendant on coming in could have a new bond in place of the old with an enlarged penalty. The only question before me is whether a bond to each defendant can be required. I think not. There are no reported cases on this branch of the statute, and there will be no costs of the motion.*

---

## COURT OF APPEALS.

---

* Note.—All difficulty as to different defendants moving for security at different times could probably be avoided by the court requiring the motion of the one first moving to stand over until he gave notice thereof to the other defendants, and allowing them to be heard with him. Perhaps where one defendant moves it would be safer for him *in the first instance* to serve his motion papers on his co-defendants in the same manner as on the plaintiff.—Rep.