(173 App. Div. 93)

### FEITELSON v. MOSER.

(Supreme Court, Appellate Division, First Department. June 2, 1916.)

1. COSTS ⊛114—SECURITY FOR—EX PARTE ORDER.
    Where the cause of action upon which a trustee in bankruptcy sues is one which arose before the adjudication in bankruptcy, it is a proper case for an ex parte order for security for costs.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. § 470; Dec. Dig. ⊛114.]

2. COSTS ⊛117—SECURITY FOR—PARTIES ENTITLED.
    In an action brought by a trustee in bankruptcy on a cause of action arising before the adjudication in bankruptcy against several defendants, an order requiring the plaintiff to give security for costs only to secure one defendant was erroneous, since the practice in the Appellate Division, First Department, of the Supreme Court, in such case, is to require only one undertaking for costs, running in favor of all defendants.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 473, 474, 530; Dec. Dig. ⊛117.]

3. COSTS ⊛134—SECURITY FOR—MOTION.
    Where defendants in an action are of the opinion that plaintiff's undertaking securing them for costs is not sufficient, they may move, on notice, for further security.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 518–528; Dec. Dig. ⊛134.]

Appeal from Special Term, New York County.

Action by Louis Feitelson, as trustee, etc., against Max Moser, impleaded, etc. From an order denying a motion to vacate an order requiring plaintiff to give security for costs, plaintiff appeals. Reversed, and motion granted, modifying the order in accordance with opinion.

Argued before CLARKE, P. J., and SCOTT, DOWLING, SMITH, and PAGE, JJ.

Joseph Joffe, of New York City, for appellant.
H. Louis Jacobson, of New York City, for respondent.

⊛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

SCOTT, J.   [1-3]  We are of opinion that the cause of action upon which the plaintiff sues is one which arose before the adjudication in bankruptcy. It was therefore a proper case for an ex parte order for security. The order, however, requires such security to be given only to secure one defendant. It should require such security for the benefit of the defendants, and thus preclude demands for separate security for each defendant. It is the practice in this department to require, in a case like the present, only one undertaking for costs, running in favor of all the defendants. Leftwick v. Clinton, 26 How. Prac. 26; Rothschild v. Wilson, 10 N. Y. Supp. 61; Perrin v. Whipple, 64 Misc. Rep. 289, 118 N. Y. Supp. 551. If the defendants are of opinion that an undertaking for $250 is not sufficient, it is open to them to move, on notice, for further security.

The order appealed from will be reversed, and the motion granted, to the extent of modifying the order for security for costs in accordance with this opinion, with $10 costs and disbursements to the appellant. All concur.