Rivers, J.
The decision of October 5,1955 (N. Y. L. J., Oct. 7, 1955, p. 7, col. 8), is recalled, as the fact that the defendant Modern Steaming and Washing Co. Inc. (not the movant herein) had already obtained by default an order requiring the plaintiff to furnish security for costs was overlooked. However, the result must in substance remain the same inasmuch as it is well established that the plaintiff is required to furnish only one undertaking, which should run in favor of all defendants. The rule was stated as follows in Robinson v. Whitaker (119 Misc. 516): “A non-resident plaintiff is not required to furnish an undertaking running to each defendant, but one undertaking to run to all. Civ. Prac. Act, §§ 1522,1524; Feitelson v. Moser, 173 App. Div. 93; Rothchild v. Wilson, 10 N. Y. Supp. 61. Under section 1528 of the Civil Practice Act, however, additional security may in a proper case be ordered.”
In view of the fact that there are four defendants here, the security which is to be provided in a single undertaking will be increased to $350. No reason appears why it should be any larger. If at a later time, by reason of an appeal or other circumstance, it should become apparent that $350 is insufficient security, any defendant may then move for an increase in the amount of the security. For the present that sum will suffice.
Accordingly, it is directed that the plaintiff furnish a single undertaking to cover all defendants in the sum of $350; and if an undertaking has already been furnished in compliance with the order of Mr. Justice McCaffrey a superseding under *371 taking or a proper modification of the one which has been furnished may be supplied in accordance herewith.
Settle order on notice to all respondents, such order to be controlling upon all defendants. This decision is not deemed to be inconsistent with the order of May 13, 1955, which was granted on default, but in any event the present order, which is the result of a motion upon notice to all parties in the action, will constitute a definitive disposition of all questions of security for costs.
It should be noted that any order which requires a plaintiff to furnish security to only one defendant is contrary to the rule stated in Feitelson v. Moser (173 App. Div. 93-94), where such an order was reversed. In the opinion of the Appellate Division, First Department, it was said: “ The order, however, requires such security to be given only to secure one defendant. It should require such security for the benefit of the defendants, and thus preclude demands for separate security for each defendant. It is the practice in this department to require, in a case like the present, only one undertaking for costs running in favor of all the defendants. (Leftwich v. Clinton, 26 How. Pr. 26; Rothchild v. Wilson, 10 N. Y. Supp. 61; Perrin v. Whipple, 118 id. 1048.) If the defendants are of opinion that an undertaking for $250 is not sufficient, it is open to them to move, on notice, for further security. The order appealed from will be reversed, and the motion granted to the extent of modifying the order for security for costs in accordance with this opinion, with ten dollars costs and disbursements to the appellant.”