G. Robert Witmer, J.
Defendants Theodore Lasecki and Stromberg Carlson Corporation have moved for an order requiring plaintiff to give to them security for costs pursuant to subdivision (a) of CPLB 8501. It appears that plaintiff is a resident of Florida; that pursuant to said statute an ex parte order was obtained by another defendant, namely John Carlton, Jr., on December 15, 1966 requiring plaintiff to give security to the extent of $250 for the payment of “ all legal costs awarded to the said defendant ”; and that plaintiff has furnished security in accordance with such order.
Although subdivision (a) of CPLB 8501 authorizes a defendant to apply to the court for security for costs against a nonresident plaintiff without notice to the plaintiff, the moving defendants have made this motion upon notice to the plaintiff because of the existence of the prior ex parte order for costs in favor of the codefendant Carlton.
The plaintiff objects to the motion on the ground that the right to security for costs is statutory only, that the statute makes no provision for more than one order for security for costs, and that plaintiff has complied with the existing order. Movants contend that the existing order expressly protects only the codefendant Carlton; that in its discretion the court may award costs to movants; and that under the statute plaintiff should be stayed as against them unless she gives security for such costs as movants may obtain against her.
The pertinent part of the statute reads as follows: “ Security for costs, (a) As of right. Except where the plaintiff has been granted permission to proceed as a poor person or is the petitioner in a habeas corpus proceeding, upon motion by the defendant without notice, the court or a judge thereof shall order security for costs to be given by the plaintiffs where none of them is * * * a resident of the .state when the motion is made.”
The predecessor statutes (Civ. Prac. Act, §§ 1522, 1524) to the above statute were interpreted to mean that the plaintiff or plaintiffs may be required to give only one security for costs, which should protect all defendants (Feitelson v. Moser, 173 App. Div. 93; McAllister v. Mario Offset Print. Corp., 1 Misc 2d 370; Robinson v. Whitaker, 119 Misc. 516); and the present statute should be (see 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 8503.01) and is construed accordingly.
*603 The motion is, therefore, denied.
The cases above cited are authority for holding that when the ex parte order of December 15, 1966 requiring the plaintiff to give security for costs was served upon them, as the moving defendants say it was, such defendants could have moved to have the security inure to the benefit of all of the defendants; and if it should appear to the court that the minimum security required for the one defendant was insufficient to secure costs which might be awarded to all defendants, in its discretion the court could fix an amount of security in excess of the $250 minimum (see, also, CPLR 8503). Moreover, the court, on appropriate showing, would have authority to require an additional bond or an increase in the amount of the original bond (CPLR 2508).
This decision is made without prejudice to any other motion any of the parties hereto may see fit to make with respect to security for costs in this case.