Zumba v Build R Us Corp (2025 NY Slip Op 25153)

[*1]

Zumba v Build R Us Corp

2025 NY Slip Op 25153

Decided on July 2, 2025

Supreme Court, Kings County

Cohen, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on July 2, 2025
Supreme Court, Kings County

Juan Zumba, Plaintiffs,

against
Build R Us Corp D/B/A SAHAKYAN DEVELOPMENT CONSTRUCTION AND BRIGHTON 11TH ST DEV. LLC, Defendants.
BUILD R US CORP D/B/A SAHAKYAN DEVELOPMENT CONSTRUCTION, Third-Party Plaintiff,
against
K-SQUARE DEVELOPERS, INC., Third-Party Defendant.
BRIGHTON 11TH ST DEV. LLC, Second Third-Party Plaintiff,
against
K-SQUARE DEVELOPERS, INC., Second Third-Party Defendant.

Index No. 513329/2023

For Plaintiff: Liakas Law, P.C., 40 Wall St Fl 50, New York, NY 10005 
For Defendant Build R Us Corp: Downing & Peck, P.C, 55 Maple Avenue, Suite 308, Rockville Centre, NY 11570
For Defendant Brighton 11th Street Dev. LLC: Marshall Dennehey P.C., Wall Street Plaza, 88 Pine Street-21st Floor, New York, NY 10005
For Third-Party Defendant K-Square: Gallo Vitucci Klar LLP, 90 Broad Street, 12th Floor, New York, NY 10004

Devin P. Cohen, J.

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion
Papers Numbered
Notice of Motion and Affidavits Annexed 1
Order to Show Cause and Affidavits Annexed.
Answering Affidavits 2
Replying Affidavits 3
Exhibits Var.
Other
Upon the foregoing papers, Build R Us Corp. (Build)'s motion to compel (Seq. 003) is decided as follows:
Plaintiff commenced this action to recover for damages he claims to have sustained on when he was struck by a falling object while performing construction work at the premises located at 27 Brighton 11th Street, Brooklyn, NY. It is undisputed that plaintiff lives in New Jersey.
Previously, defendant Brighton 11th St Dev. LLC (Brighton) moved to compel plaintiff to post a bond pursuant to CPLR 8501 and 8503. The court granted that motion, and plaintiff was compelled to post a bond in the amount of $500. In the same order, the court denied Build's prior motion to compel plaintiff to post a bond as procedurally defective cross-motion against a non-moving party (CPLR 2215). Now, Build moves again to compel the plaintiff to post an additional bond.[FN1]

The purpose of CPLR 8501 and 8503 is not to "unduly burden nonresidents' fundamental right to access the courts," but rather to impose "marginal, recoverable security costs" on out-of-state litigants (Clement v Durban, 32 NY3d 337 [2018]). Defendant's request to compel plaintiff to post separate bonds would, in practice, risk transforming these marginal costs into a financial barrier to litigation in New York. Although the parties do not cite, and the court is unaware of, a case from the Second Department, the First Department has held for over a century that one bond is sufficient for all defendants, and noted that defendants have the option to move for an increased amount if they can demonstrate that good cause requires a larger bond (Feitelson v Moser, 173 AD 93 [1st Dept 1916]). Despite its age, Feitelson remains good law and its reasoning is sound. Therefore, since defendants have failed to show good cause for a larger bond, Build's motion is denied.
This constitutes the decision and order of the court.
DATE July 2, 2025
DEVIN P. COHEN
Justice of the Supreme Court

Footnotes

Footnote 1:K-Square Developers, Inc. (K-Square) filed a purported cross-motion for the same relief (Seq. 004); however, that motion was withdrawn at oral argument.